UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| EDISON CAPHILL CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD UNDERWRITERS INSURANCE COMPANY, a CONNECTICUT Corporation; and DOE INSURANCE COMPANIES 1–10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES<br><br>JURY DEMAND |

Plaintiff Edison Caphill Condominium Association (the "Association") alleges as follows:

## I.   INTRODUCTION

1.1   This is an action for declaratory judgment and monetary damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Hartford Underwriters Insurance Company ("Hartford"). The Association is seeking a ruling that: (1) the Hartford policies provide coverage for the damage at the Edison Caphill Condominium; and (2) Hartford is liable for money damages for the cost of investigating and repairing the damage at the Edison Caphill Condominium.

(B)   Attorneys' fees (including expert witness fees) and costs.

(C)   Any other relief the Court deems just and equitable.

///

## II. PARTIES AND INSURANCE CONTRACTS

2.1     <u>The Association</u>.  The Edison Caphill Condominium Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Edison Caphill Condominium Association is organized under the laws of the State of Washington. The Association has the duty to maintain the common elements and any limited common elements of the Edison Caphill Condominium for the common enjoyment of the unit owners. The Edison Caphill Condominium consists of two buildings with fifty-one (51) residential units located in Seattle, King County, Washington.

2.2     <u>Hartford</u>. Hartford is a Connecticut domiciled insurer with its principal place of business in Hartford, Connecticut. Hartford sold property insurance policies to the Association including, but not limited to, Policy No. 52 SBA AN3W2X (in effect from at least 12/05/2021 – 12/05/2025). The Association is seeking coverage under all Hartford policies issued to the Association or covering the Edison Caphill Condominium at any time.

2.3     <u>Doe Insurance Companies 1–10</u>. Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Edison Caphill Condominium as covered property.

2.4     <u>Edison Caphill Insurers</u>. Hartford and Doe Insurance Companies 1–10 shall be collectively referred to as the "Edison Caphill Insurers."

2.5     <u>Edison Caphill Policies</u>. The policies issued to the Association by the Edison Caphill Insurers shall be collectively referred to as the "Edison Caphill Policies."

## III. JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Edison Caphill Insurers marketed and sold insurance to the Association in King County; a substantial part of the

events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.   FACTS

4.1   <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2   <u>Tender to Edison Caphill Insurers</u>.  In December 2025, the Association tendered claims for insurance coverage to the Edison Caphill Insurers for hidden damage recently discovered by J2 Building Consultants, Inc. ("J2"). The Association offered to enter into tolling agreements with the Edison Caphill Insurers. To date, the Edison Caphill Insurers have not executed tolling agreements or investigated the Association's claim. The Association understands from J2 that the cost to repair the covered hidden water damage at the Edison Caphill Condominium is substantially over the jurisdictional limit of $75,000.

### V.   FIRST CLAIM AGAINST THE EDISON CAPHILL INSURERS FOR DECLARATORY RELIEF THAT THE EDISON CAPHILL POLICIES PROVIDE COVERAGE

5.1   <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.2, above, as if fully set forth herein.

5.2   <u>Declaratory Relief</u>. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

   (A)   The Edison Caphill Policies cover the damage to underlying building components including, but not limited to, the weather-resistive barrier ("WRB"), plywood substrate, and framing at the Edison Caphill Condominium.

   (B)   No exclusions, conditions, or limitations bar coverage under the Edison Caphill Policies.

   (C)   The loss or damage to the Edison Caphill Condominium was incremental and progressive. New damage commenced during each year of the Edison Caphill Policies.

(D) As a result, the Edison Caphill Policies cover the cost of investigating and repairing the underlying building components including, but not limited to, the WRB, plywood substrate, and framing at the Edison Caphill Condominium.

## VI. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

6.1 <u>Declaratory Judgment Regarding Coverage</u>. A declaratory judgment that the Edison Caphill Policies provide coverage as described herein and that the Edison Caphill Insurers are obligated to pay money damages to repair the hidden damage at the Edison Caphill Condominium.

6.2 <u>Money Damages</u>. For money damages in an amount to be proven at trial.

6.3 <u>Attorneys' Fees and Costs of Suit</u>. For reasonable attorneys' fees and costs (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

6.4 <u>Other Relief</u>. For such other and further relief as the Court deems just and equitable.

## VII. DEMAND FOR JURY TRIAL

7.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 30th day of December, 2025.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Jerry H. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Daniel J. Stein*
/s/ *Jessica R. Burns*
Jerry H. Stein, WSBA #27721
Justin D. Sudweeks, WSBA #28755
Daniel J. Stein, WSBA #48739
Jessica R. Burns, WSBA #49852
16400 Southcenter Parkway, Suite 410
Tukwila, WA 98188
Email: jstein@condodefects.com
Email: justin@condodefects.com
Email: dstein@condodefects.com
Email: jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
*Attorneys for Plaintiff*